**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| HUNTER STRUCTURAL, P.A. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ARP ENGINEERING, INC., and ) | |
| DAVID SZABO, ) | |
| ) | |
| Defendants ) | |
| ) | |

## COMPLAINT

Plaintiff Hunter Structural, P.A. ("Hunter Structural" or "Plaintiff"), by and through the undersigned counsel, and in support of this Complaint against Defendants Arp Engineering, Inc. ("Arp Engineering") and David Szabo ("Szabo" and together with Arp Engineering, the "Defendants"), does hereby allege and aver as follows:

### Nature of the Action

1. This action arises from the Defendants' unlawful conduct in obtaining copies of computer files containing detailed engineering drawings and plans developed by Hunter Structural. Defendants then sold those drawings to their own clients. Based on this conduct, Hunter Structural asserts claims for copyright infringement, misappropriation of trade secrets, unfair competition, conversion, computer trespass, unjust enrichment, and unfair and deceptive trade practices.

## Parties

2. Plaintiff Hunter Structural is a professional corporation organized and existing under the laws of North Carolina with its principal place of business at 1900 Abbott Street, Suite 103, Charlotte, North Carolina 28203.

3. Defendant Arp Engineering is a corporation organized and existing under the laws of North Carolina with its principal place of business at 202 East Franklin Street, Suite A, Monroe, North Carolina 28112.

4. Upon information and belief, defendant Szabo is an individual with a personal residence at 301 Pennigar Road, Monroe, NC 28110.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6. This Court has personal jurisdiction over Defendant Arp Engineering because it is a corporation organized under the laws of North Carolina with its principal place of business in North Carolina.

7. This Court has personal jurisdiction over Defendant Szabo because he is an individual that resides in North Carolina and engaged in the actions giving rise to this lawsuit in North Carolina.

8. Venue for this action is proper under 28 U.S.C. §§ 1391 and 1400 because Defendants reside in this judicial district.

## Factual Background

9. Hunter Structural is a structural engineering firm. Among other things, Hunter Structural prepares engineering drawings to be used in connection with construction projects.

10. Defendant Szabo is a former employee of Hunter Structural. While employed by Hunter Structural, Szabo was a draftsman that assisted with the preparation of engineering drawings.

11. Hunter Structural stores its computer files on Carbonite, a "cloud-based" system that remotely stores all of Hunter Structural's computer files. While he was employed by Hunter Structural, Defendant Szabo was one of the few employees that was issued a password and able to access the files stored on the Carbonite system. Defendant Szabo also had daily access to Hunter Structural's office computer network.

12. Defendant Szabo's employment with Hunter Structural was terminated in December, 2014 as a result of insufficient performance. Almost immediately thereafter, Szabo began working for Arp Engineering. Upon information and belief, Defendant Szabo had been in communications with Arp Engineering regarding potential employment with Arp Engineering prior to the termination of his employment with Hunter Structural.

13. Arp Engineering is a structural engineering firm that is a competitor of Hunter Structural.

14. Shortly after Szabo left his job with Hunter Structural, a client of Hunter Structural contacted Hunter Structural to inquire about the status of a pending project that Defendant Szabo had been working on before he left Hunter Structural. When Hunter Structural went to review the computer files related to the project, it discovered that all of the computer files for that project were missing.

15. As soon as Hunter Structural learned that some of its computer files were missing, Gene Hunter, the principal owner of Hunter Structural, contacted Mr. Dean Arp, the principal owner of Arp Engineering. Mr. Hunter informed Mr. Arp of his concern that Defendant Szabo

may have downloaded computer files belonging to Hunter Structural and that Defendant Szabo might be using drawings belonging to Hunter Structural in connection with his employment with Arp Engineering. In response to this concern, Mr. Arp promised Mr. Hunter that no drawings prepared by Hunter Structural would ever be used by Arp Engineering and that none of Hunter Structural's computer files would ever be saved on Arp Engineering's computer network server.

16.     Unfortunately, in late 2016, Hunter Structural learned that despite the prior assurances from Mr. Arp, Arp Engineering had, in fact, used at least one set of engineering drawings originally prepared, and owned by, Hunter Structural.

17.     Hunter Structural became aware of this fact when it received a phone call from an inspector in the Virginia Beach area of Virginia. The inspector called Hunter Structural because he had questions regarding the drawings for a new Take 5/5 Minute Oil Change facility that was under construction (the "<u>Virginia Take 5 Facility</u>").

18.     Hunter Structural had previously prepared drawings for several Take 5 facilities in Virginia, and the inspector called Hunter Structural because the drawings for the new facility were so similar to previous Hunter Structural drawings that the inspector assumed that the drawings for the new facility had also been submitted by Hunter Structural.

19.     However, once Hunter Structural learned the address of the new Take 5 facility, it realized that the facility was not one of its current projects. The inspector was asked to send Hunter Structural the drawings for the new facility, and the inspector sent Hunter Structural a copy of the drawings for the Virginia Take 5 Facility. When it received a copy of the drawings, Hunter Structural discovered that the drawings had been submitted by Arp Engineering. A true and accurate copy of these drawings (the "<u>Arp Take 5 Drawings</u>") is attached as Exhibit A.

20. The Arp Take 5 Drawings are virtually identical to drawings that Hunter Structural had previously prepared for other Take 5 facilities.

21. For example, in 2014, Hunter Structural prepared a set of engineering drawings for a Take 5/5 Minute Oil Change facility located on Monroe Road in Charlotte, North Carolina (the "<u>Charlotte Take 5 Facility</u>"). A true and accurate copy of these drawings (the "<u>Hunter Take 5 Drawings</u>") is attached as Exhibit B.

22. The Arp Take 5 Drawings, which were submitted by Arp Engineering in 2015, are virtually identical to the earlier Hunter Take 5 Drawings, which were prepared by Hunter Structural in 2014. This can most easily be seen by comparing pages S-5 and S-6 of both drawings. The design details on pages S-5 and S-6 of the Arp Take 5 Drawings are exact copies of the design details on pages S-5 and S-6 of the Hunter Take 5 Drawings.

23. Defendant Szabo assisted with the preparation of drawings for the Charlotte Take 5 Facility while employed by Hunter Structural.

24. Upon information and belief, Defendant Szabo prepared the drawings for the Virginia Take 5 Facility for Arp Engineering.

25. Arp Engineering and Szabo would not have been able to produce exact duplicates of the Hunter Take 5 Drawings without access to the computer files on which the Hunter Take 5 Drawings were stored.

26. Upon information and belief, the computer files related to the Hunter Take 5 Drawings were not the only computer files owned by Hunter Structural that were copied and used by Defendant Szabo while employed by Arp Engineering.

27. Hunter Structural has requested that Arp Engineering return and/or destroy any computer files wrongfully obtained by Defendant Szabo and to identify all projects on which Defendant Szabo worked while employed by Arp Engineering. Arp Engineering has refused to provide the information requested.

## Count I – Copyright Infringement

28. Paragraphs 1-27 of the Complaint are incorporated herein by reference as though set forth in their entirety.

29. Hunter Structural is the owner of all right, title and interest in and to the copyrights associated with the Hunter Take 5 Drawings.

30. By application dated February 9, 2017, Hunter Structural applied for copyright registration of the Hunter Take 5 Drawings with the United States Copyright Office. The application was assigned case number 1-4423350731 and is currently pending.

31. Defendants had access to the Hunter Take 5 Drawings because Defendant Szabo helped prepare the Hunter Take 5 Drawings while employed by Hunter Structural and had access to the Carbonite database and computer network that contained the Hunter Structural drawings.

32. The Arp Take 5 Drawings are copies of and substantially similar to the Hunter Take 5 Drawings.

33. Hunter Structural is entitled to damages as a result of Defendants' infringement of its copyright.

## Count II – Misappropriation of Trade Secrets

34. Paragraphs 1-33 of the Complaint are incorporated herein by reference as though set forth in their entirety.

35. The computer files of Hunter Structural that were wrongfully obtained by Defendants included engineering information, plans, designs, compilations and design details, all of which constitute trade secrets under applicable federal law.

36. These trade secrets of Hunter Structural were used by Hunter Structural in interstate commerce.

37. Defendant Szabo knowingly obtained copies of such trade secrets without authorization.

38. Defendant Arp Engineering received and possessed such trade secrets while knowing that the computer files were obtained without authorization.

39. The trade secrets of Hunter Structural were acquired by Defendants by improper means and were used by Defendants without the consent of Hunter Structural.

40. Defendants intended to use the trade secrets of Hunter Structural to their own economic benefit.

41. Defendants' misappropriation of Hunter Structural's trade secrets was willful and malicious.

42. Hunter Structural is entitled to damages based upon Defendant's misappropriation of its trade secrets pursuant to 18 U.S.C. § 1836(b)(3) including, without limitation, exemplary damages and attorney's fees.

### Count III – Computer Trespass By Defendant Szabo

43. Paragraphs 1-42 of the Complaint are incorporated herein by reference as though set forth in their entirety.

44. Defendant Szabo accessed the computer network of Hunter Structural without authority and with the intent to make unauthorized copies of computer data residing in, or produced by, the Hunter Structural computer network.

45. The actions of Defendant Szabo in accessing the computer network of Hunter Structural to make unauthorized copies of computer data belonging to Hunter Structural constitute a computer trespass pursuant to N.C. Gen. Stat. § 14-458.

46. Hunter Structural is entitled to recover damages from Defendant Szabo as a result of his computer trespass pursuant to N.C. Gen. Stat. § 14-458(c).

### Count IV -- Conversion

47. Paragraphs 1-46 of this Complaint are incorporated herein by reference as though set forth in their entirety.

48. Hunter Structural is the owner of the computer files, and the information contained therein, that were wrongfully obtained and used by Defendants.

49. By obtaining and using the computer files for their own use, Defendants have denied Hunter Structural of the exclusive right to control the use of the computer files and related information that it owns and have wrongfully converted the computer files and related information for their own use.

50. Hunter Structural is entitled to damages as a result of Defendants' wrongful conversion of its property in an amount to be determined at trial.

## Count V – Unfair Competition

51. Paragraphs 1-50 of this Complaint are incorporated herein by reference as though set forth in their entirety.

52. Hunter Structural and Arp Engineering are both structural engineering firms that are in competition with one another.

53. By taking computer files and drawings prepared by Hunter Structural, Defendants have profited from the expenditure of labor, skill and money by Hunter Structural and have, therefore, harmed Hunter Structural's legitimate business.

54. Defendants' actions constitute unfair competition under the common law of North Carolina entitling Hunter Structural to damages in an amount to be determined at trial.

## Count VI – Unjust Enrichment

55. Paragraphs 1-54 of this Complaint are incorporated herein by reference as though set forth in their entirety.

56. By using work product prepared and owned by Hunter Structural, Defendants have unfairly benefited from the time, effort and cost expended by Hunter Structural to prepare the work product.

57. Accordingly, Defendants have been unjustly enriched at the expense of Hunter Structural, and Hunter Structural is entitled to damages in an amount to be determined at trial.

## Count VII – Unfair and Deceptive Trade Practices

58. Paragraphs 1-57 of this Complaint are incorporated herein by reference as though set forth in their entirety.

59. The activities of Defendants as described in the foregoing paragraphs constitute unfair methods of competition in or affecting commerce within the meaning of N.C. Gen. Stat. § 75-1.1.

60. The activities of Defendants as described in the foregoing paragraphs constitute unfair or deceptive acts or practices in or affecting commerce within the meaning of N.C. Gen. Stat. § 75-1.1.

61. Hunter Structural has been damaged by Defendants' conduct.

62. Pursuant to N.C. Gen. Stat. §§ 75-16 and 75-16.1, Hunter Structural is entitled to treble damages and recovery of reasonable attorney's fees.

## Prayer for Relief

WHEREFORE, Hunter Structural respectfully prays that the Court enter judgment against the Defendants and grant Hunter Structural the following relief:

1. That Hunter Structural have and recover from Defendants compensatory damages in an amount to be determined at trial on each of the Counts asserted herein to the maximum extent allowed by law;

2. That Hunter Structural have and recover from Defendants exemplary damages pursuant to 18 U.S.C. § 1836(b)(3);

3. That Hunter Structural have and recover from Defendants treble damages pursuant to N.C. Gen. Stat. § 75-16;

4. That Hunter Structural have and recover from Defendants its reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3) and/or N.C. Gen. Stat. § 75-16;

5. That Defendants be enjoined from using any plans, drawings, computer files, or other materials in any format that were developed by Hunter Structural;

6. That Defendants be ordered to destroy any plans, drawings, computer files, or other materials in any format that were developed by Hunter Structural but are in Defendants' possession;

7. That the costs of this action be taxed against the Defendants; and,

8. Any other relief the Court deems just and proper.

This the 23rd day of February, 2017.

Respectfully Submitted,

/s/ Felton Parrish
Felton E. Parrish (N.C. Bar No. 25448)
Hull & Chandler, P.A.
1001 Morehead Square Drive, Suite 450
Charlotte, NC 28203
Telephone: 704-375-8488
Facsimile: 704-375-8487
Email: fparrish@lawyercarolina.com

*Counsel to Hunter Structural, P.A.*