IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:17-cv-86-GCM

| | |
|---|---|
| HUNTER STRUCTURAL, P.A., <br><br> Plaintiff, <br><br> v. <br><br> ARP ENGINEERING, INC., and DAVID SZABO, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the Court on its own motion.

Following this Court's Order on Defendants' Motion to Dismiss, the following claims remain at issue: (1) Plaintiff's Count I, alleging copyright infringement by both Defendants, (2) Plaintiff's Count II, alleging misappropriation of trade secrets by both Defendants, (3) Plaintiff's Count III, alleging computer trespass by Defendant Szabo, and (4) Defendant Arp Engineering's counterclaim for declaratory judgment.

In the parties' certification of initial attorney conference and discovery plan, Defendants request that the discovery process proceed in two stages with respect to both the copyright infringement and misappropriation of trade secrets claims. Plaintiff opposes a two-staged discovery plan on both issues.

Generally, Rule 26 of the Federal Rules of Civil Procedure allows all parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." However, discovery is not limitless and the Court has discretion to set appropriate limits in the scope and timing of disclosures. *See* Fed. R. Civ. P. 26(b), (d).

## A) Copyright Infringement

First, as Plaintiff's Statement in Opposition points out, there is no authority supporting Defendants' claim that discovery in a copyright dispute should be bifurcated to first address the element of ownership and then to address the element of infringement. All of the cases cited by Defendants—except one where a bifurcation among elements was agreed to by the parties—involve a bifurcation of liability and damages. And as the Middle District of North Carolina held, there is no authority supporting "the view that the 'ownership' element of a copyright infringement claim constitutes a 'threshold' issue that would warrant the Court restricting discovery as Defendant proposes." *Persian Carpet, Inc. v. L & J.G. Stickley, Inc.*, No. 1:09CV991, 2010 WL 1052266, at *3 (M.D.N.C. Mar. 19, 2010). Accordingly, the Court orders that discovery on both elements of liability proceed simultaneously.

However, there is ample support for bifurcating discovery between the issue of liability and damages. And the Court finds that the issue of damages will likely overlap regarding each of the claims at issue. Accordingly, the Court orders discovery to proceed first on the issue of issues relating to liability, and then to the question of damages on all pending counts.

## B) Trade Secrets

Defendant also requests specific disclosure of viable trade secrets from Plaintiff prior to making its discovery disclosures. In support of this disclosure, Defendants argue that "a trade secret defendant is protected from discovery until the claimant has made a pre-discovery identification of the trade secrets involved." *See Lwin Family Co. v. Aung Min Tun*, No. 2012 WL 11922875, at *1 (W.D.N.C. Oct. 11, 2012).

Here, Plaintiff has alleged that its CAD Files contain protected "files that contain individual design details . . . that may be used in future drawings." (Compl., ¶ 11). Defendants

claim that without further particularly, this opens all of their confidential drafts and drawings to a fishing expedition by Plaintiff. Accordingly, Defendants request Plaintiff to first produce "(1) all CAD files constituting or containing trade secrets, (2) the remainder, if any, of the 'Hunter CAD Files' referenced in the Complaint, (3) documents into which any trade-secret portion of the CAD files have been incorporated (such as drawings) and (4) other documents constituting or containing trade secrets at issue in this case." Defendants further request that Plaintiff be required to describe what "design details" and "engineering elements" in the CAD files make them a trade secret.

The Court agrees with Defendants that there is a need for greater particularity in Plaintiff's alleged trade secrets before Defendant can be required to turn over confidential documents. However, Defendants requests are unreasonably burdensome and do not promote efficiency in resolving this matter. Accordingly, the Court finds that an order for Plaintiff to file a more detailed statement of the alleged trade secrets that have been misappropriated will provide Defendants with adequate notice of the scope of relevant discovery. After Plaintiff submits this filing, both parties shall proceed with discovery on the issue of liability simultaneously.

**THEREFORE**, the Court hereby **ORDERS:**

1. Discovery on the issue of liability on all pending counts shall precede discovery on the issue of damages on all pending counts;
2. Plaintiff is ordered to file, under seal with notice to Defendants pursuant to Rule 5.2(d), a more detailed description of the CAD files which it reasonably believes Defendants have misappropriated so as to enable Defendants to determine which of their files are relevant to this dispute; and

3. The parties shall submit an amended proposed scheduling order in light of this Order.

   **SO ORDERED.**

   Signed: March 19, 2018

   Graham C. Mullen
   United States District Judge