IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HUNTER STRUCTURAL, P.A.,<br><br>    Plaintiff,<br><br>    vs.<br><br>ARP ENGINEERING, INC., and<br>DAVID SZABO,<br><br>    Defendants | Civil Action No. 3:17-cv-00086 |

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the joint motion of Plaintiff and Defendants pursuant to Fed. R. Civ. P. 26(c) for a protective order to allow for the production of confidential or proprietary information. Now, therefore, upon review of the motion and with the consent of the parties, IT IS HEREBY ORDERED:

1. Confidential Information: The term "Confidential Information" shall mean information (regardless of how generated, stored, or maintained), documents, testimony, or tangible things obtained during discovery in this action that the producing party reasonably believes in good faith contains confidential, proprietary or commercially sensitive information including, but not limited to (a) trade secrets, (b) proprietary business information, (c) information implicating an individual's legitimate expectation of privacy, including social security numbers, (d) information that a client of a party would consider to be confidential or proprietary information, and (e) information within possession of a party that is already subject to any non-disclosure or confidentiality agreement with a third party. Confidential Information shall also include any derivative information that is based on, derived from, or contains any Confidential Information such as estimates, analyses, notes, summaries, extracts and other materials and documents prepared by, or for, a party or its representatives. "Attorneys Eyes Only Information" shall mean a subset of Confidential Information that contains extremely sensitive, highly confidential trade secret or competitive information the disclosure of which to another party or non-party would present a substantial risk of serious harm that could not be avoided by less restrictive means.

2. <u>Scope of the Order</u>:  This Order shall govern the use and dissemination of all documents, material, or information designated as Confidential Information in accordance with the terms of this Order.  This Order shall apply to pre-trial proceedings in this action and shall have no application at trial. The parties agree to confer in good faith on a protective order to govern during trial in this matter. This Order, however, shall remain in effect until an order to govern the use of Confidential Information during trial proceedings is entered.

3. <u>Use of Confidential Information:</u>  Confidential Information shall be used solely for purposes of conducting this litigation and not for any business, personal or other purpose whatsoever.  Confidential Information shall be kept confidential by the parties and shall not be disclosed to any person except as expressly allowed by Paragraph 5 or 6 of this Order.  Confidential Information shall be kept in such a manner that only those authorized to view Confidential Information may have access to it, and parties shall implement appropriate computer security measures to ensure that any employee or representative of a party who is not authorized to view Confidential Information shall not have the ability to access any Confidential Information.

4. <u>Disclosure:</u>  The term "Disclosure" shall mean to provide, impart, transmit, transfer, convey, publish or otherwise make available.

5. <u>Disclosure of Confidential Information:</u>  Confidential Information may be disclosed to the following persons only:

    a. attorneys of record for all parties in the case and their associated lawyers, their legal assistants, their paralegals, and their secretarial and clerical employees, who are actually engaged in assisting them in this litigation;

    b. outside experts, including but not limited to expert witnesses, consultants, and other providers of specialized services and their clerical assistants who are actually engaged in assisting the attorneys of record and other authorized persons in the preparation or conduct of this litigation, but only upon the execution by such person, prior to such disclosure, of an acknowledgment of this Order in the form attached hereto as Exhibit A, which shall be retained by the attorney of record for the party that discloses such Confidential Information;

    c. an individual party, or an officer or employee of a party who is necessary to assist such party with the prosecution or defense of any claim in this matter, but only upon the execution by such person, prior to such disclosure, of an acknowledgment of this Order in the form attached hereto as Exhibit A, which shall be retained by the attorney of record for the party that discloses such Confidential Information

    d. the Court and its personnel in this action (including any relevant appellate court), court reporters and their staff, to whom disclosure is reasonably necessary for this litigation.

Attorneys' Eyes Only Information, however, shall not be disclosable to the individuals specified in subdivision c. above absent further order of the Court.

6. <u>Designation of Confidential Information</u>: The designation "Confidential Information" shall be made by affixing on the document or material containing such information the word **"CONFIDENTIAL"** or, for Attorneys' Eyes Only Information, the words **"CONFIDENTIAL – ATTORNEY'S EYES ONLY."** Any material, document, or information for which it is impracticable to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question.

   a. Information on a computer disk, data tape, or other medium that is in native format may be designated as "Confidential" or "Confidential – Attorney's Eyes Only" by either:
      i. Informing counsel for the parties to this action in writing that the computer disk, data tape, or other medium contains such Confidential Information, and where applicable, specifying the file name or other particular information being designated; or

      ii. By such other means as agreed to by the parties. To the extent practicable, such physical medium should also be labeled "Confidential" or "Confidential – Attorney's Eyes Only," as appropriate. Any party's counsel receiving Confidential Information designated under this Paragraph shall be responsible for appropriately labeling any printed version(s) of such information that it creates.

   b. In the case of deposition testimony, any party may designate information disclosed during a deposition as Confidential Information by either:

      i. Identifying on the record at the deposition the information that is to be treated as Confidential Information. In the event that a party wishes to use or refer to Confidential Information at any deposition, the party that designated such information as Confidential Information (the "Designating Party") may require all persons other than the deponent, court reporter, or other parties or their Representatives already permitted access to the Confidential Information, to be excused from the deposition during the time that the Confidential Information is being disclosed or discussed. Attorney's Eyes Only Information may only be shown to a deponent who is a representative of the producing party. In the event the deponent is a person who is not permitted access to Confidential Information, then the deponent shall be required to execute an acknowledgement of this Protective Order in the form attached hereto as Exhibit A;

      ii. Marking the portions of the deposition transcript to be designated as Confidential Information within 21 days after receipt of the final transcript. When the deponent and the attending parties' do not agree to waive the reading, correcting, and signing of the transcript, all information disclosed

during a deposition shall be treated as Confidential Information before the expiration of the 21-day period unless otherwise agreed to by the parties and the deponent.  If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled as "Confidential" or "Attorney's Eyes Only," as the case may be, and the first page of the deposition transcript shall be labeled in a manner that makes it readily apparent that the transcript contains Confidential Information.

7. <u>Use of Confidential Information in Court Filings</u>.  A party that desires to use any Confidential Information in any motions, briefs, pleadings and/or other evidentiary submissions shall either file documents containing such Confidential Information under seal, or shall give the Designating Party written notice of the party's intent to use such Confidential Information at least 7 days prior to the date that the party desires to do so to provide an opportunity for (a) the Designating Party and the party that desires to use the Confidential Information to negotiate an agreement that avoids the need to file Confidential Information under seal or, in the absence of an agreement, (b) the Designating Party to file a motion seeking an order sealing, redacting, or otherwise protecting such Confidential Information from public disclosure (a "Motion to Seal").  If the Designating Party files a Motion to Seal within 7 days following receipt of such written notice, the party desiring to use Confidential Information shall (a) maintain the confidential status of the Confidential Information pending the court's ruling on the Motion to Seal and (b) use the Confidential Information only in strict conformity with the court's ruling on the Motion to Seal.  If the Designating Party fails to file a Motion to Seal within 7 days of receipt of the written notice, any party desiring to use Confidential Information may use the applicable Confidential Information in any court filing or proceeding without any confidentiality protection.  If the party that desires to use Confidential Information is the Designating Party, it may file a Motion to Seal without prior notice to any other party.  In circumstances where it is not practicable or feasible to follow the 7-day written notice/motion requirement set forth above, the party seeking to use Confidential Information in the court may ask the court, on reasonable notice to the Designating Party, to modify such requirement as appropriate.  A Party seeking to use Confidential Information in a motion, brief, pleading and/or other document may, pending a ruling by the court on a Motion to Seal or other permitted form of request, redact Confidential Information from the filed motion or brief and submit an unredacted version of such motion or brief under seal for *in camera* review.

8. <u>Disputes over Designations</u>:  If a party disagrees with a Designating Party's designation of information as Confidential Information, counsel for the objecting party shall provide the Designating Party with written notice of its disagreement.  The written notice shall specifically identify the information or restriction on access in dispute.  If the Designating Party does not agree to the requested modification within 7 days of receipt of a designation objection, or the issue is not otherwise resolved by the parties during such 7 day period, then the objecting party may move the court for appropriate relief.  The Confidential Information designation and the restrictions on access shall remain on the information in dispute until the Court rules on the motion.

9. <u>Inadvertent Disclosure of Confidential Information:</u>  Any failure to designate information as "Confidential Information" shall not constitute a waiver of a Designating Party's ability to subsequently designate such information as Confidential Information.  A Designating Party may subsequently designate any information as Confidential Information if such Confidential Information is inadvertently disclosed, and the protections afforded under this Protective Order to Confidential Information shall become effective upon such subsequent designation; provided, however, that such late designation shall not deprive any party from challenging the designation of material as Confidential Information pursuant to the procedures set forth herein.

10. <u>Inadvertent Disclosure of Privileged Material</u>:  The production of documents containing information protected by the attorney-client privilege and/or work product doctrine, or other privileges recognized by law, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality or privilege as to either the document or the information disclosed, or to related documents or information. A party that has received documents or information subject to a privilege which such party knows or has reason to believe to have been inadvertently disclosed, or is informed by the disclosing party that the inadvertent disclosure was made shall immediately upon discovery or notification of the same, return or (with respect to any such documents or information which have been altered or incorporated into other documents in a privileged manner) destroy all documents constituting the same or incorporating such information and shall make no use thereof.

11. <u>Disclosure Under Legal Compulsion</u>.  If any person (a "Compelled Party") within the possession of Confidential Information is, in the opinion of its counsel, compelled as a matter of law to disclose any Confidential Information to a third party, the Compelled Party shall promptly provide a written notice of the order or other process compelling disclosure to the Designating Party.  Such notice must be sent to the Designating Party within the earlier of three business days of receipt and one business day of the Compelled Party's determination that the order or other process compels the disclosure of Confidential Information, to permit the Designating Party, at its own expense, to seek a protective order or take other appropriate action.  The Compelled Party shall use reasonable efforts to assist in the Designating Party's efforts to obtain, at the Designating Party's own expense, a protective order or other reasonable assurance that confidential treatment will be accorded such Confidential Information.  In the absence of a protective order, the Compelled Party or its Representatives may disclose to the third party compelling disclosure (without liability hereunder) only the part of the Confidential Information as the Compelled Party or its Representatives may reasonably determine in good faith is required by law to be disclosed.

12. <u>CAD Files</u>.  Absent further order of the Court, or written agreement by the parties, and subject to all other grounds for objection to production, to the extent any party produces or is required to produce in native form any electronic computer file that contains information used by computer-aided design software to generate and depict engineering drawings (such

electronic files, "CAD Files"), such files shall be held and used by the receiving party(ies) as "Attorney's Custody Only," meaning that counsel of record for the receiving party(ies) shall not deliver any copy of such CAD Files to any person and shall limit disclosure to the persons authorized by Section 5c, who may view the files on a computer in counsel's offices and under counsel's exclusive control, which viewing shall be supervised by counsel in person and under circumstances that counsel can and does prevent any copying or alteration of any of the CAD Files produced. All CAD Files produced shall be subject to this provision and shall be treated as Confidential Information without the need for designation. This provision does not limit the ability of a party to also designate one or more CAD Files as Attorney's Eyes Only.

13. <u>Return of Confidential Information:</u> Within sixty (60) days after termination of this litigation by settlement or final judgment not subject to further appeal, the attorneys of record and other authorized persons for each party receiving Confidential Information shall destroy or, at the party's option, assemble and return to the party originally furnishing such information all documents containing Confidential Information. This paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or any other attorney-client work product created for the party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order. The ultimate disposition of protected materials shall be subject to a final order of the court upon completion of the litigation.

14. <u>Modification:</u> This Order is without prejudice to the right of any party to seek modification or amendment of the Order by motion to the Court; to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate; to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information.

15. <u>Advice of Counsel:</u> Neither the terms of this Order nor the disclosure or designation as Confidential Information pursuant to this Order shall be deemed to establish the admissibility under the Federal Rules of Evidence of any information subject to this Order.

**SO ORDERED.**   Signed: August 13, 2018

*[Signature]*

Graham C. Mullen
United States District Judge

**WE CONSENT:**

/s/Felton E. Parrish                    /s/J. Daniel Bishop
Felton E. Parrish (NC Bar No. 25448)    J. Daniel Bishop (NC Bar No. 17333)
Hull & Chandler, P.A.                   Erwin, Bishop, Capitano & Moss, P.A.
1001 Morehead Sq. Dr., Ste 450          4521 Sharon Rd., Ste 350

| | |
|---|---|
| Charlotte, NC  28203 | Charlotte, NC 28211 |
| Telephone:  (704) 375-8488 | Telephone: (704) 716-1200 |
| Facsimile:  (704) 375-8487 | Facsimile: (704) 716-1201 |
| Email:  fparrish@lawyercarolina.com | Email: dbishop@ebcmlaw.com |
| Counsel to Plaintiff | Counsel to Defendant Arp Engineering, Inc. |

/s/ Jason M Sneed
Jason M Sneed (NC Bar No. 29593)
Megan E Sorokes (NC Bar No. 38525)
SNEED PLLC
445 S. Main St., Suite 400
Davidson, NC 28036
Telephone: (844) 763-3347
Email: jsneed@sneedlegal.com
       msorokes@sneedlegal.com

# **EXHIBIT A**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>Hunter Structural, P.A. v. Arp Engineering, Inc. and David Szabo</u> have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" are confidential by Order of the Court, and I have reviewed and understand the terms of the Stipulated Protective Order entered on _____.

      Under penalty of contempt of Court, I hereby agree that I will comply with the terms of the Stipulated Protective Order and not disclose any information contained in such documents to any other person or entity.

DATED:        _____


                _____


Signed in the presence of:    _____